IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL STEVEN WRIGHT,<br><br>Defendant. | CR. NO. 15-00171 DKW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR BAIL AND TO STAY MITTIMUS PENDING APPEAL** |

Presently before this Court is Wright's Motion for Bail and to Stay Mittimus Pending Appeal. For the reasons stated below, Wright's motion is GRANTED.

## BACKGROUND

On March 4, 2015, Defendant Michael Steven Wright was charged in a single-count Information with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) for knowingly and intentionally possessing with the intent to distribute a controlled substance. On March 12, 2015, Wright pled guilty to the Information without a plea agreement.

On February 4, 2016, this Court sentenced Wright to two years imprisonment and three years of supervised release, permitting him to self-surrender to the Bureau of Prisons on March 17, 2016.

Wright now moves to maintain his release on bail and to stay mittimus pending his February 9, 2016 appeal. Because the Government concedes that Wright neither presents a flight risk nor a danger to the community within the meaning of 18 U.S.C. § 3143(b), and because it is clear that there are exceptional reasons why Wright's detention now would not be appropriate, the Court GRANTS Wright's motion and directs the parties to notify the Court immediately once resolution of Wright's appeal is complete.

## **STANDARD OF REVIEW**

Bail pending appeal is governed by 18 U.S.C. § 3143(b). Because Wright has been found guilty of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), a Controlled Substances Act offense for which a maximum term of imprisonment of ten years or more is prescribed, Section 3143(b)(2) ordinarily mandates his detention pending appeal. However, notwithstanding Section 3143(b)(2), Wright may be ordered released if he meets the conditions of Section 3143(b)(1), and it is clearly shown that there are "exceptional reasons" why his detention now would not be

appropriate. 18 U.S.C. § 3145(c).[1]

## DISCUSSION

Much here is not contested. Wright is neither a flight risk nor a danger to the community, determinations that the Court made on March 12, 2015 following Wright's plea, and on which the Court based its decision to allow Wright to remain on bail pending sentencing. Nothing has changed in that regard since March 2015, nor has the Government so much as argued otherwise.

Nor does the Government quarrel with the notion that Wright's appeal is not for the purpose of delay. Rather, Wright appeals from this Court's sentence because of a reasonable belief that this case differs from the analysis of the drug importation statutes undertaken in *United States v. Jefferson*, 791 F.3d 1013 (9th Cir. 2015), or alternatively, that *Jefferson* is inconsistent with a prior panel decision in *United States v. Hunt*, 656 F.3d 906 (9th Cir. 2011).

Nor does the Government quarrel with the notion that Wright's appeal raises a substantial question of law. Wright argues that the applicable guidelines and his resulting sentence should have been based on the marijuana that even the Government concedes he thought he was transacting, rather than on the

---

[1] Indeed, both sides agree that the Court's analysis is governed by 18 U.S.C. § 3145(c). *See* Government Opp. at 3 ("A defendant like Mr. Wright who is subject to mandatory detention pursuant to § 3143(b)(2) may only be ordered released 'if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.' 18 U.S.C. §3145(c)."); *see also* Wright Motion at 5-6, 11; Wright Reply at 2-3.

methamphetamine that he actually was. If Wright prevails on this claim, the applicable guidelines would have called for a term of imprisonment of less than a year, as compared to the guideline range of 41 to 51 months that the Court found to apply before varying.

At issue is whether there are "exceptional reasons" why Wright's detention would not be appropriate under 18 U.S.C. § 3145(c). *United States v. Garcia*, 340 F.3d 1013 (9th Cir. 2003), is the Ninth Circuit's guiding authority on the exceptional reason requirement. In general, a conviction and sentence for a covered offense entails immediate incarceration, and "[o]nly in truly unusual circumstances will a defendant be allowed to remain on bail pending appeal." *Garcia*, 340 F.3d at 1022. *Garcia* held that "Congress placed broad discretion in a district court to consider all the particular circumstances of a case before it and draw upon its broad experience with mainsprings of human conduct." *Id*. at 1018 (internal citation omitted). In so holding, the Ninth Circuit placed no limits on the range of matters the district court may consider. *Id*. at 1018-1019. Rather, in analyzing exceptional reasons, district courts should examine the totality of the circumstances to determine whether, due to any truly unusual factors, it would be unreasonable to incarcerate a defendant prior to an appellate court's resolution of his appeal. *Id*. at 1019.

Here, such unusual circumstances exist. Most unusual is the fact that Wright maintains, and the Government *concedes*, that Wright believed he was transacting in, and only intended to transact in, marijuana, not methamphetamine. In this circumstance, if Wright was only held responsible for the marijuana he thought he was delivering, and not the methamphetamine that he actually was, the Sentencing Guidelines, and undoubtedly, his actual sentence would have been far less severe than what he received. In fact, a probationary sentence without imprisonment is within the realm of reason.

Further, without a stay of mittimus, even the Government agrees that Wright faces the possibility, or perhaps probability, that he will complete his two-year term of imprisonment before his appeal is concluded. Obviously, this could substantially diminish the benefit of appeal. *See, e.g.*, *United States v. Zucker*, 2015 WL 10381701 (E.D. Wash. July 24, 2015).

Wright's conviction is a result of an aberration from his normal lifestyle. He has no history of violence and has no pending charges or arrests. He also has no history of any mental or emotional health problems. Wright has held many jobs in the food service industry, at times more than one at a time, and a company representative indicated that Wright performed well at his job. He is also a high school graduate, completed some college work, and, in 2015, completed an intensive outpatient substance abuse treatment program. Wright, in other words,

can continue to contribute to society and to his family in a positive way, pending resolution of his appeal.

Finally, while certainly not unusual, Wright cooperated with the Government after his arrest.  He accepted responsibility for his actions.  He agreed to speak with investigators and gave consent to a search of his residence and of his telephone.

While none of these reasons alone is dispositive of the exceptional reasons requirement, their totality demonstrates unusual, and even unique, circumstances that make inappropriate Wright's immediate detention.

## **CONCLUSION**

Wright's Motion for Bail and to Stay Mittimus Pending Appeal is GRANTED.  The parties shall notify the Court immediately upon resolution of Wright's appeal, at which time the Court intends to schedule and hold a Status Conference.  Wright remains subject to supervision and to each of his current bail conditions, pending that Status Conference.

DATED:  March 7, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

_United States of America v. Michael Steven Wright_; CR No. 15-00171 DKW; ORDER GRANTING DEFENDANT'S MOTION FOR BAIL AND TO STAY MITTIMUS PENDING APPEAL