IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA, | Case No. 15-cr-00171-DKW-1 |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT MICHAEL STEVEN WRIGHT'S MOTION FOR BAIL** |
| v. | |
| MICHAEL STEVEN WRIGHT, | |
| Defendant. | |

On October 2, 2018, Defendant Michael Steven Wright filed a "Motion for Bail While his [28 U.S.C.] § 2255 Motion Remains Pending in this Court" ("the Bail Motion"). Dkt. No. 64.[1] On October 19, 2018, the United States filed a response in opposition to the Bail Motion. Dkt. No. 67. Wright then filed a reply. Dkt. No. 68.

As Wright acknowledges in the Bail Motion, in 2016, this Court was faced with an almost identical request as the one at issue here. At that time, the Court found that it could not grant the relief requested−release on bail pending disposition of Section 2255 motions−because the Court lacked clear legal authority to do so. *United States v. Carreira*, 2016 WL 1047995, at *1-2 (D. Haw. Mar. 10, 2016).

---

[1] Wright filed his Section 2255 Motion to Vacate on the same day ("the Section 2255 Motion"). Dkt. No. 61.

Wright argues, however, that the Court should revisit its decision in *Carreira* due to a decision issued shortly thereafter by the U.S. Supreme Court in *Dietz v. Bouldin*, 136 S.Ct. 1885 (2016). Wright argues that *Dietz* counsels recognizing the "inherent authority" of this Court to maintain his bail status while his Section 2255 Motion is pending. More specifically, Wright argues that this Court has such inherent authority because granting him bail is a reasonable response to a problem his Section 2255 Motion presents and doing so is not contrary to any rule or statute.

In *Dietz*, the Supreme Court provided guidance on the limits of a court's inherent powers to achieve the orderly and expeditious disposition of cases.

> First, the exercise of an inherent power must be a reasonable response to the problems and needs confronting the court's fair administration of justice. Second, the exercise of an inherent power cannot be contrary to an express grant of or limitation on the district court's power contained in a rule or statute.

*Dietz*, 136 S.Ct. at 1892 (quotation and citation omitted).

Applying those limits to the facts before it, the Supreme Court concluded that a district court has the inherent power to rescind an order discharging a jury before issuing final judgment in a civil case. *Id*. at 1893. In particular, the Supreme Court concluded that doing so "can be a reasonable response to correcting an error in the jury's verdict in certain circumstances" and was consistent with other inherent powers designed to resolve cases expeditiously and efficiently. *Id*. at 1892-93.

2

This Court disagrees that *Dietz* suggests a different course should be taken than the one in *Carreira*. In order to understand the limits on inherent powers delineated in *Dietz*, it is necessary to recognize the context in which the Supreme Court expressed them. Notably, the Supreme Court explained that it had "long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 1891. In this light, the proper way to construe these limitations is that they are limits on a court's ability to achieve the orderly and expeditious disposition of cases. The ultimate result in *Dietz* bears this out, given that the Supreme Court explained that rescinding a jury-discharge order could be reasonable under certain circumstances because, "[c]ompared to the alternative of conducting a new trial, recall can save the parties, the court, and society the costly time and litigation expense of conducting a new trial with a new set of jurors." *See id*. at 1893.

Here, the "problem" created by Wright's request to remain on bail while his Section 2255 Motion remains pending−Wright contends the problem is that he may be imprisoned for longer than he would if his Section 2255 Motion succeeds−is far removed from any problem with the orderly and expeditious disposition of this

3

case.² As such, the Court disagrees that *Dietz*'s inherent-power analysis affords Wright the relief he seeks. Put another way, because the type of inherent power Wright wishes this Court to recognize is unrelated to those that the Supreme Court has "long recognized," and in the absence of clear legal authority allowing the relief Wright seeks, it remains for the Court of Appeals or the Supreme Court to explain whether such a power exists and, if so, the circumstances in which it may be used.

Finally, on a procedural note, in *Carreira*, after denying the motion for bail, this Court granted the movants leave to take an interlocutory appeal. *Carreira*, 2016 WL 1047995, at *3. In light of the Ninth Circuit Court of Appeals' discussion on the appeal of that decision, this Court declines to grant an interlocutory appeal in this case "because a bail determination cannot materially advance the ultimate termination of the litigation." *See United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016). Instead, to the extent Wright wishes to seek review of the instant

---

²The Court notes that, in *Dietz*, the Supreme Court cites to a criminal case, involving the inherent power to revoke bail, for the proposition that the Court had affirmed a district court's inherent authority in "analogous circumstances." *Dietz*, 136 S.Ct. at 1892 (citing *Fernandez v. United States*, 81 S.Ct. 642, 644 (1961) (Harlan, J., in chambers)). But even that case does not help Wright. In *Fernandez*, Justice Harlan was faced with a district court that had revoked numerous criminal defendants' bail during trial on the ground that one or some of the defendants (but not all) had engaged in improper conduct during the trial. 81 S.Ct. at 643. Justice Harlan rejected an argument that the district court had no authority to revoke bail, concluding that a court has authority to revoke bail during the course of a criminal trial "when such action is appropriate to the orderly progress of the trial and the fair administration of justice." *Id*. at 644. Here, the circumstances underlying Wright's bail request have little to do with the orderly progression of this case.

decision, he should file a petition for writ of mandamus challenging the denial of his Bail Motion.  *See id.*

IT IS SO ORDERED.

DATED: October 30, 2018 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*United States of America v. Michael Steven Wright*; Criminal No. 15-00171 DKW-1; **ORDER DENYING DEFENDANT MICHAEL STEVEN WRIGHT'S MOTION FOR BAIL**